## Case No. 957.

### BANK OF WASHINGTON v. WAY.

[2 Cranch, C. C. 249.] [1]

Circuit Court, District of Columbia. Oct. Term, 1821.

NEGOTIABLE INSTRUMENTS — DEMAND — JOINT INTEREST OF MAKER AND INDORSER— ALTERATION OF INSTRUMENTS.

1. If a note be discounted by the plaintiff for the joint benefit of the maker and indorsers, or if they are jointly interested in the object for which the money is raised, it is not necessary, in order to charge an indorser, to demand payment of the maker, or give notice to the defendant, of the non-payment, although the parties should be interested in unequal proportions, and the defendant should have indorsed as surety for the other parties to the extent that the whole note exceeded his own interest therein.

2. If a note be made payable in sixty days, by the agent of the indorsers, for his and their joint accommodation, to be discounted at a bank, who refuse to discount it unless made payable in forty-five days, the maker may alter it accordingly, provided it be done at the request, or with the consent, or subsequent approbation of the defendant and the other indorsers, and they receive the benefit of the discount; but the burthen of proof of such previous consent, or subsequent approbation lies on the plaintiff, and is not to be inferred from the mere circumstance of the defendants afterwards participating in the benefit of the discount.

3. The maker of a note cannot be compelled to testify for the plaintiff in an action against the indorser, because the maker would be liable for the costs of the suit in case the plaintiff should recover against the indorser; but the maker's letter to the plaintiff, inclosing the note for discount, may be read in evidence.

[See Wood v. Steele, 6 Wall. (73 U. S.) 80; Angle v. Northwestern Life Ins. Co., 92 U. S. 330; Hartley v. Corboy, 150 Pa. St. 23, 24 Atl. 295. Contra, see Union Bank v. Cook, Case No. 14,349.]

At law. This was an action against an indorser of a promissory note made and signed by "John McGowan, Agent," for $3,000, payable originally at sixty days, to be discounted by the plaintiffs to raise money for a mercantile adventure in which all the parties upon the note were jointly interested. The bank (the plaintiffs) refused to discount it unless made payable in forty-five days; whereupon the maker, who was the agent of all the parties, in the management of that joint adventure altered the note accordingly, and it was discounted by the plaintiffs, for the joint benefit of the maker and the indorsers. It was contended by the plaintiffs that this alteration was made with the consent or approbation of all the parties.

THE COURT (nem. con.) at the prayer of Mr. Caldwell, for the plaintiffs, instructed the jury "that if they should be satisfied by the evidence that the note was discounted for the joint benefit of the defendant and the other parties on the note, or that the defendant was jointly interested with them in the gain or loss on the cargo, to raise the money for the purchase of which the note was given, it was not necessary for the plaintiffs to have made any demand of the maker, nor to have given notice to the defendant of the non-payment by the maker." To which instruction the defendant excepted.

Mr. Jones, for the defendant, then prayed the court to add to the instruction the following, viz.: "But if the jury believe from the evidence that the note was given and discounted for the aggregate amount of the individual and separate interests of the maker and indorsers, and that each indorser indorsed as security for the other parties to the extent that the aggregate amount of the note exceeded his own individual share of the adventure, then the plaintiffs cannot recover without proving due demand and notice."

But THE COURT (nem. con.) refused to make this addition to the instruction, and the defendant excepted.

Mr. Swann, for the plaintiffs, then prayed the court further to instruct the jury, "that if they should be of opinion from the evidence that the note was altered by McGowan, the agent of the parties to the note, so as to make it conform to the discount offered by the bank, it is not material whether the alteration was made before or after the note was offered to the bank for discount, provided the alteration was so made at the request, or with the consent of the defendant and the other parties concerned, or they subsequently acquiesced in it, and received the benefit of the said discount."

Which instruction THE COURT gave, and at the prayer of Mr. Jones, for the defendant, further instructed them, "that if the note was so altered after it was drawn and indorsed as aforesaid, and without the consent and authority of the defendant, before or after, the plaintiffs cannot support their said action on the said note." And further, "that the burden of proof lies on the plaintiffs to show such previous consent or subsequent approbation on the part of the defendant, and his knowledge of the fact of such alteration at the time he did any act or made any declaration implying a participation in such discount; and that such knowledge, consent, and approbation are not to be inferred from the mere circumstance of his afterwards participating jointly with others in the benefit of the said discount."

To these additional instructions the plaintiffs excepted.

Verdict and judgment, for the plaintiffs.

---

### BANKRUPTCY CASES, FEES IN.

[See "Costs and Fees," Appendix; "Fees for Registering," Appendix.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]